IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| EDWIN EXEQUIEL MEZA MALDONADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-846 (LMB/IDD) |
| | ) | |
| PAUL PERRY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Edwin Exequiel Meza Maldonado ("Maldonado"), a native and citizen of

Honduras, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C.

§ 2241, in which he asserts that he has been illegally detained by the U.S. Department of

Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since

February 11, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for

admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8

U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his due process

rights (Counts II).

Maldonado is currently detained at the Caroline Detention Center, which is within this

Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline

Detention Center. Maldonado has also sued Markwayne Mullin, the DHS Secretary; Todd

Blanche, the Acting Attorney General,[1] and Todd Lyons, the Acting Director of ICE

(collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds

---

[1] Acting Attorney General Todd Blanche is automatically substituted for his predecessor under
Federal Rule of Civil Procedure 25(d).

that Maldonado is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted, and the federal respondents will be ordered to provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

I.

According to his Petition, Maldonado "fled persecution in his homeland" and arrived in the United States in June 2021. [Dkt. No. 1] at ¶ 19. He was briefly detained and then released into the United States after DHS determined that he was neither a flight risk nor a danger to the community. Id. ¶ 20. In November 2025, Maldonado was "charged with simple assault and second degree cruelty to children" in the Superior Court of the District of Columbia. Id. ¶ 22. On November 10, 2025, the D.C. court released Maldonado pursuant to an order, which requires Maldonado to check in every eight days and subjects Maldonado to electronic monitoring via an ankle monitor. [Dkt. No. 8] at 1; [Dkt. No. 8-1]. On February 11, 2026, Maldonado was arrested by immigration authorities. [Dkt. No. 1] at ¶ 21.

Maldonado filed his Petition for Writ of Habeas Corpus on March 27, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 3] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas case." [Dkt. No. 6] at

2

1. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Maldonado's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Maldonado has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found, is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while

3

simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). The Court has previously addressed several of these points in Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025), and adopts the findings and conclusions in Hasan into this Order.

The Court recognizes that the Fifth and Eighth Circuits have reached contrary conclusions. Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Those decisions are not binding here, CASA de Md., Inc. v. Trump, 971 F.3d 220, 260 (4th Cir. 2020), and the Court is unpersuaded by the Fifth and Eighth Circuit's rationales for many of the reasons set forth in Judge Douglas's and Judge Erickson's dissents. Specifically, Judge Douglas correctly explained the federal respondents' interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. Buenrostro-Mendez, 166 F.4th at 511–13 (Douglas, J., dissenting). And Judge Erickson cogently observed that "[a]ll three branches of government" have understood the detention statutes to "maintain the distinction between unadmitted citizens in the interior and those arriving at the border for detention purposes." Avila, 2026 WL 819258, at *7 (Erickson, J., dissenting). "Five presidential administrations, including the first Trump administration, and most immigration judges interpreted § 1225 to apply only to those arriving at the border," "[s]everal courts" interpreted § 1225's reference to noncitizens "seeking admission" "as applying only to those seeking lawful entry at the border," and "Congress never attempted to correct the other two branches." Id. at 8. For these reasons, the Court finds that the Fifth and Eighth Circuits' majority rulings are unpersuasive.

Maldonado has been present in the United States since 2021. [Dkt. No. 1] at ¶ 19. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already

4

present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Maldonado's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless he receives such a hearing, Maldonado's continued detention is unlawful.

## III.

For all these reasons, Maldonado's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

ORDERED that respondents provide Maldonado with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order. Because Maldonado was required by the Superior Court of the District of Columbia to wear an ankle monitor, which the Court assumes he is no longer hearing, he must remain in ICE custody pending his § 1226(a) bond hearing; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Maldonado on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Maldonado is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Maldonado has been granted bond, and, if his request for bond was denied, the reasons for that denial.

ORDERED that if Maldonado is released on bond, the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Maldonado unless he (1) commits a violation of any federal, state, or local law; (2) fails to comply with the conditions of his release set by either the Immigration Judge or the Superior Court of the District of Columbia; (3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid, final order of removal.

The Clerk is directed to enter judgment in Maldonado's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 6 day of April, 2026.

Alexandria, Virginia

_____ /s/

Leonie M. Brinkema
United States District Judge

6